UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 26 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | |
|---|---|
| MALCOLM KLINE FITZGERRELL, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. B-00-059 |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Malcolm Kline Fitzgerrell (Petitioner) is a resident of Fort Bend County. In 1971, Petitioner was charged with possession of marijuana. Petitioner retained counsel and pled guilty to the charge. Pursuant to the Youth Corrections Act, Petitioner received deferred adjudication and did not appeal his conviction. As a result of his conviction, however, Petitioner fears that he will lose his mortgage banking license, that he will be detained upon re-entry into the United States, and that he will be denied admission into the United States. Pursuant to 28 U.S.C. § 1651, Petitioner now files a Writ of Coram Nobis to vacate his prior conviction. Petitioner asserts the following grounds for relief:

1. Prior to pleading guilty, Petitioner did not fully understand that the government was required to prove an affirmative link between himself and the marijuana that he was charged to have possessed;

2. Petitioner did not then understand, nor did his attorney explain, that Petitioner had the following rights: the right to remain silent, the right to a jury trial, the right to confront witnesses against him, the right to cross-examine witnesses against him, the right to a public trial, the right to have the charge presented by indictment, the right to a unanimous jury verdict, the right to move for a judgment of acquittal at the governments resting and at the close of evidence, and the right to have the charge proven beyond a reasonable doubt. Thus, Petitioner claims that his waiver of the above rights, pursuant to his guilty plea, was not a knowing or intelligent waiver.

"sound reasons" for his failure to seek appropriate relief at an earlier date. *United States v. Dyer,* at 422. Petitioner has neither explained his failure to challenge his 29-year-old conviction prior to this Writ, nor provided any justification for his lack of "reasonable diligence" in seeking prompt relief. *Id.* at 427-28.

In addition, Petitioner has failed to demonstrate that "fundamental" errors occurred in conjunction with his prior conviction. At best, Petitioner alleges that he did not fully understand his rights prior to pleading guilty. However, Petitioner fails to explain why his lack of understanding should qualify as a fundamental error, attributable to anyone but himself. Accordingly, Petitioner has failed to meet the "considerable burden" of demonstrating that his prior conviction is not entitled to a presumption of correctness. *Id.* at 422.

More importantly, Petitioner has failed to show that he *is* suffering civil disabilities as a consequence of his conviction. Instead, Petitioner merely alleges a fear that his conviction may cause him to suffer some civil disabilities in the future. Petitioner fears that his prior conviction will cause him to lose his mortgage banking license. Petitioner also fears that he will be prevented from re-entering this country, or detained by authorities when he attempts to re-enter. However, Petitioner does not provide any legal or factual support for these allegations.

In support of his allegations, Petitioner merely cites a statutory provision from the Texas Financial Code which states that the License Commissioner may refuse to renew an applicant's license if the applicant has a conviction that "directly relates to the occupation of a mortgage broker." *See* Tex. Fin. Code. § 156.204 (6) (Supp.1999). Albeit, Petitioner does not provide any authority for the proposition that his conviction "directly relates to the occupation of a mortgage broker." Petitioner also fails to provide any facts to suggest that the Commissioner will make such a finding. Consequently, Petitioner has not identified the "compelling circumstances" necessary to justify the conclusion that coram nobis relief is required in this case "to achieve justice." *United States v. Dyer,* at 422.

## RECOMMENDATION

For the reasons set forth above, this Magistrate recommends that this Court dismiss Petitioner's Writ of Coram Nobis. Despite this Magistrate's order requiring Petitioner to amend his Writ in order to provide more factual and legal support for his claims, Petitioner's Writ and Amended Writ still do not set forth any specific facts justifying coram nobis relief. Accordingly, Petitioner's

Writ should be dismissed. *United States v. Marcello*, 202 F.Supp. 694, 696-97 (E.D.La. 1962) (citing *Hysler v. State of Florida*, 315 U.S. 411, 316 U.S. 642, 62 S.Ct. 688, 86 L.Ed. 932 (1942); *Stephens v. U.S.*, 246 F.2d 607 (10th Cir. 1957); *United States v. Tribote*, 297 F.2d 598, 601 (2nd Cir. 1961)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 25th day of October 2000.

_____
Felix Recio
United States Magistrate Judge